60 F.3d 843
 38 U.S.P.Q.2d 1216
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
JOY TECHNOLOGIES, INC., Plaintiff-Appellee,
and
A/S Niro Atomizer, Involuntary-Plaintiff,
v.
FLAKT, INC., Defendant-Appellant.
 No. 93-1419.
 United States Court of Appeals, Federal Circuit.
 July 11, 1995.
As Modified on Limited Grant of Rehearing Oct. 11, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Dec. 6, 1995.
 
 Before ARCHER, Chief Judge,* BENNETT, Senior Circuit Judge, and NIES, Circuit Judge.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 Flakt, Inc. (Flakt) appeals from the judgment of the United States District Court for the District of Delaware and from the order of the district court denying Flakt's motion for judgment as a matter of law and alternative motion for a new trial. We affirm.
 
 DISCUSSION
 
 2
 United States Patent No. 4,279,873 ('873 patent), which issued in 1981, claims an improvement to the prior art dry flue gas desulfurization (FGD) processes by recycling the fly ash removed from the flue gas into the suspension, which is then reintroduced into the spray dryer.[1] As this process repeats, the recycled particles gain greater surface areas on which the reaction (and thus desulfurization) may occur during the FGD process, thereby increasing efficiency.
 
 
 3
 On September 28, 1989, Joy Technologies, Inc. (Joy) sued Flakt for infringement of the '873 patent in the United States District Court for the District of Delaware. In a bifurcated proceeding, the parties tried the liability case before a jury over fourteen days during December and January of 1992. The jury found, inter alia, that all of the claims asserted by Joy were infringed, both literally and under the doctrine of equivalents, and that Flakt had failed to prove invalidity.[2]
 
 
 4
 After trial, Flack renewed its motion for judgment as a matter of law (JMOL) under Rule 50(b) of the Federal Rules of Civil Procedure or for a new trial under Rule 59. On March 31, 1993, the district court issued a Memorandum Opinion denying these motions. Thereafter, Flakt appealed the judgment, arguing that the jury's determination of literal infringement and infringement under the doctrine of equivalents is unsupported by substantial evidence and that the '873 patent is invalid.[3]
 
 
 5
 On appeal, in reviewing the denial of a motion for JMOL, this court applies the standards for JMOL anew. Read Corp. v. Portec, Inc., 970 F.2d 816, 821, 23 USPQ2D 1426, 1431 (Fed.Cir.1992). Accordingly, the appellant must show either (1) that the jury's factual findings are not supported by substantial evidence or (2) that the legal conclusion implied from the jury's verdict cannot be supported by those findings. Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 893, 221 USPQ 669, 673 (Fed.Cir.), cert. denied, 469 U.S. 857 (1984); Dana Corp. v. IPC Ltd. Partnership, 860 F.2d 415, 417, 8 USPQ2d 1692, 1694 (Fed.Cir.1988), cert. denied, 490 U.S. 1067 (1989).
 
 
 6
 The '873 patent discloses that the claimed FGD process requires the maintenance of a flue gas temperature at about 8 to 40 degrees Centigrade above the saturation temperature of the flue gas. To achieve the required temperature, claim 1 of the patent directs that "the amount of said suspension and the water content thereof be[ ] adjusted to obtain [the specified] temperature," and independent claim 2 similarly requires "maintaining the temperature of the flue gas effluent from said drying chamber ... by controlling the amount of feed suspension ... and the total solids content of said feed suspension."
 
 
 7
 Flakt argues that claim 1 requires the "adjustment" of the suspension and water and claim 2 requires the "control" of the suspension and solid but that the accused systems are distinguishable from the claims at issue because these systems only allow the adjustment or control of the amount of suspension.
 
 
 8
 In its Memorandum Opinion, the district court noted that one of Flakt's engineers (Mr. Fiedler) conceded that the amount of solids and water are both adjusted and controlled in order to change the amount of suspension when the accused systems react to temperature fluctuations. Another one of Flakt's engineers (Mr. Buschmann) also confirmed that the accused systems required the adjustment and control of the solid content of the suspension following periodic inspections. Based in part on the testimony of Flakt's witnesses, the district court noted that, when the accused systems made adjustments in the amounts of the suspension, any such change effected a corresponding change in the amount of both solids and water. The court also pointed out that Flakt's own operations manual instructed that water and solids are added to the FGD system as determined by system operating parameters, including temperature. For these reasons, the district court found that substantial evidence existed to support the jury verdict.
 
 
 9
 We must accept a jury verdict of infringement, an ultimate issue of fact, if "reasonable jurors viewing the evidence as a whole could have found the facts needed to support the verdict in light of the applicable law." Kearns v. Chrysler Corp., 32 F.3d 1541, 1548, 31 USPQ2d 1746, 1756 (Fed.Cir.1994). As the district court explained, the testimony and other evidence at trial demonstrated that any change in suspension would effect a corresponding change in the amount of solids as well as water. Findings to this effect satisfy the elements of the claims literally. Because substantial evidence supported the jury's verdict, we have no basis for overturning that verdict or the decision of the district court in denying the motion for JMOL. We, therefore, affirm the finding of literal infringement, which makes it unnecessary to consider the jury's finding of infringement under the doctrine of equivalents. Transmatic, Inc. v. Gulton Indus., 53 F.3d 1270, 1275 (Fed.Cir.1995).
 
 
 10
 We have also considered Flakt's other arguments, including those relating to Joy's lack of standing and to the validity of the '873 patent, and find them unpersuasive on the record in this case.
 
 
 
 *
 Chief Judge Archer assumed the position of Chief Judge on March 18, 1994
 
 
 [1]
 The '873 patent contains two independent claims and eleven dependent claims. The two independent claims read as follows:
 
 
 [1]
 A process for desulfurization of fly ash-containing flue gas from the combustion of coal, comprising the steps of:
 (a) atomizing an aqueous feed suspension comprising Ca(OH) sub2 and fly ash into the hot flue gas coming from a boiler without previous removal of fly ash therein, the amount of said suspension and the water content thereof being adjusted to obtain a temperature of the desulfurized flue gas being 8? -40? C. above the saturation temperature of said gas, thereby simultaneously drying the atomized droplets of suspension and reducing the SO sub2 content of the flue gas;
 (b) collecting a fly ash-containing dry powder comprising conglomerates of fly ash originating from said feed suspension with materials formed by drying and SO sub2 absorption step;
 (c) preparing an aqueous suspension from a recycled portion of said fly ash-containing dry powder and disposing of the remaining portion; and
 (d) adding freshly slaked lime to the last-mentioned suspension as makeup Ca(OH) sub2 to produce a feed suspension to be atomized in step (a).
 
 
 [2]
 A process for the desulfurization of hot, fly ash-containing flue gas from the combustion of sulfur-containing fuel, said process comprising the steps of:
 (a) preparing an aqueous feed suspension comprising calcium hydroxide and fly ash;
 (b) atomizing said feed suspension in a stream of said hot, fly ash-containing flue gas in a drying chamber to effect drying of the resulting atomized droplets and absorption of sulfur dioxide in said flue gas;
 (c) recovering a dry fly ash-containing powder comprising conglomerates of fly ash originating from the feed suspension with materials resulting from the drying and sulfur dioxide absorption step, and
 (d) recycling a portion of the fly ash-containing powder recovered in step (c) for use in preparation of said aqueous feed suspension;
 said drying and sulfur dioxide absorption being effected while maintaining the temperature of the flue gas effluent from said drying chamber at from [sic] about 8? to about 40? C. above the adiabatic saturation temperature of said gas by controlling the amount of feed suspension forwarded to said drying chamber and the total solids content of said feed suspension, in response to the amount, temperature and moisture content of the flue gas feed in said drying chamber.
 
 
 [2]
 Following entry of judgment on the jury verdict, the district court granted a permanent injunction which enjoined Flack, inter alia, from contracting for FGD plants that would practice the '873 patent. In a separate proceeding, on October 6, 1993, this court vacated and remanded that injunction to the district court. Joy Technologies v. Flakt, Inc., 6 F.3d 770, 28 USPQ2d 1378 (Fed.Cir.1993)
 
 
 [3]
 Flakt also argues that the District Court erred in permitting Niro to be added as an involuntary plaintiff. We disagree. The 1966 amendment to Rule 19(a) did not fundamentally change the meaning of the term "involuntary plaintiff" as Flakt contends. See Abbott Lab. v. Diamedix Corp., 47 F.3d 1128, 1133 (Fed.Cir.1995); see generally 3A James W. Moore, Moore's Federal Practice p 19.06, at 19-86 to 19-87 (2d ed. 1993 & Supp. 1994-95); 7 Charles A. Wright et al., Federal Practice and Procedure, Sec. 1606, at 72-74 (2d ed. 1986 & Supp. 1995). Flakt advises that the district court allowed Niro to become a voluntary plaintiff by amended complaint after this appeal was filed for purposes of pursuing its own damages claim. See Joy's renewed motion for leave to augment the record and Flakt's opposition thereto and alternative motion for leave to further augment the record, both of which are granted. The propriety of that action is not an issue in this appeal